IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY F. STEPHENS                                                                                                    PLAINTIFF

v.                               Civil No. 5:22-cv-05094

SOUTHWESTERN ELECTRIC POWER
COMPANY; and NICHOLAS K. AKINS,
Chief Executive Officer                                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Billy F. Stephens, proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff brings this case alleging subject matter jurisdiction by virtue of diversity of citizenship. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint under 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

Since 2019, Plaintiff contends Southwestern Electric Power Company ("SWEPCO") has been overcharging him for electrical services. (ECF No. 1 at 4). Specifically, he alleges he has been overcharged in the amount of $4,000. *Id.* Plaintiff also alleges that SWEPCO has been "threatening" him, through letters and phone calls, to "inter[r]upt" his "power for over two years." *Id.* As relief, Plaintiff seeks a refund of approximately $4,000 and punitive damages in the amount of 1 million dollars. *Id.*

### II.    DISCUSSION

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.,* 445 F.3d 1046, 1050

(8th Cir. 2006). The party invoking jurisdiction bears the burden of proving that all prerequisites to jurisdiction are satisfied. *In re BusinessMen's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993). To establish diversity jurisdiction there must be (1) complete diversity of citizenship between the parties and (2) the requisite amount in controversy, $75,000 exclusive of interests and costs, must exist. 28 U.S.C. § 1332(a).

Plaintiff alleges he is a citizen of Arkansas and that SWEPCO is incorporated under the laws of Texas and maintains its principal place of business there. Plaintiff has listed a Longview Texas address for Nicholas Akins.

It is a matter of public record that SWEPCO is incorporated under the laws of the State of Delaware and maintains its principal place of business in Columbus, Ohio.[1] The Court will assume Plaintiff has correctly alleged the citizenship of Mr. Akins. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993)(all factual allegations concerning jurisdiction are presumed to be true). Thus, it appears there is complete diversity of citizenship between the parties. Plaintiff has therefore met the first of the two requirements for diversity jurisdiction.

The second requirement for diversity jurisdiction to exist is that the requisite amount in controversy must exceed $75,000. "The district court has subject-matter jurisdiction in a diversity case when the fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir. 2002). The complaint will be dismissed if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).

---

[1] Available on the Arkansas Secretary of State's website by using the Business Entity Search. https://www.sos.arkansas.gov/corps/search (accessed May 26, 2022).

Both compensatory and punitive damages may be considered in determining the amount in controversy; however, punitive damages are scrutinized more carefully to "ensure that Congress' limits on diversity jurisdiction are properly observed." *State of Missouri ex rel. Pemiscot Cnty., Mo. v. Western Surety Co.,* 51 F.3d 170, 173 (8th Cir. 1995). While the Supreme Court has established no specific constitutional limit on the ratio between compensatory and punitive damages, the Court has stated that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003); *see also Advocat, Inc. v. Sauer,* 111 S.W.3d 346, 361 (Ark. 2003)(citing *State Farm Mut. Auto. Ins. Co.'s* single digit ratio). Arkansas law provides for the availability of punitive damages when there is an intentional violation of the property of another or in cases of misrepresentation or deceit. *Walt Bennett Ford, Inc. v. Keck,* 768 S.W.2d 28 (Ark. 1989); *Thomas Auto. Co. v. Craft,* 763 S.W.2d 651 (Ark. 1989). "An award of punitive damages is justified only where the evidence indicates that the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice may be inferred." *Tricou v. ACI Mgmt., Inc.,* 823 S.W.2d 924, 927 (Ark. App. 1992)(citing *Missouri Pacific R.R. v. Mackey,* 760 S.W.2d 59 (Ark. 1988)).

Plaintiff has not alleged any facts suggesting that an award of punitive damages would be available to him under Arkansas law. He does not allege any facts suggesting Defendants[2] acted wantonly in causing the injury or with such conscious indifference that malice could be inferred. Further, even if an award of punitive damages is available under Arkansas law, the ratio of claimed punitive damages to compensatory damages is 250 to 1. This far exceeds any ratio found to have

---

[2] In fact, Plaintiff has made no factual allegations about the conduct of Mr. Akins.

3

withstood due process scrutiny. Plaintiff has not alleged the existence of the required jurisdictional amount.

### III.   CONCLUSION

For these reasons, it is recommended that this Complaint be dismissed on the grounds the Plaintiff has failed to allege the requisite amount in controversy to establish the existence of diversity jurisdiction.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of May 2022.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE